## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| JUSTIN THOMAS FANTY, | : Case No. 3:23-cv-298 |
| Plaintiff, | : |
| vs. | : District Judge Michael J. Newman |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| GREATER DAYTON PREMIER | : |
| MANAGEMENT, *et al.*, | : |
| Defendant. | : |

## ORDER

This matter is before the court upon Defendants Greater Dayton Premier Management ("GDPM"), Carlos Turner, and Rhonda Lee's ("GDPM Defendants") Motion to Compel Discovery (Doc. #17).

## I.    **Background**

Plaintiff commenced this action on April 25, 2024, against GDPM Defendants, pursuant to 28 U.S.C. § 1343(3). (Doc. #4). GDPM Defendants filed a Motion to Compel Discovery on October 8, 2024, asserting that Plaintiff Justin Fanty ("Plaintiff") has not responded to GDPM Defendants' Interrogatories and Request for Production of Documents. (Doc. #17, *PageID* #64).

GDPM Defendants state they "served Plaintiff with Interrogatories and Request for Production of Documents" on August 11, 2024, and Plaintiff's responses to the Interrogatories and Request for Production of Documents were due on September 9, 2024. (Doc. #17, *PageID* #64) (citing Doc. #17-2). According to GDPM Defendants, "[t]he discovery requests [were] for information and documents that are relevant to the issues and claims in this lawsuit …." (Doc. #17, *PageID* #65). When GDPM Defendants did not receive a response from Plaintiff, they mailed

"a 14-day reminder letter regarding the responses to the Interrogatories and Production of Documents were overdue" on September 10, 2024. (Doc. #17, *PageID* #64) (citing Doc. #17-3). In the letter, GDPM Defendants explained that receiving no response from Plaintiff would result in them "filing a Motion to Compel with the Court." (Doc. #17-3). GDPM Defendants assert Plaintiff has not responded to their requests. (Doc. #17, *PageID* #64). In support of GDPM Defendants' claims, they have submitted an unsigned and unnotarized affidavit (Doc. #17-1), the Requests for Production of Documents and First Set of Interrogatories (Doc. #17-2), and the notice letter (Doc. #17-3).

Plaintiff has not filed a response to GDPM Defendants' Motion to Compel Discovery, and the time for doing so has elapsed.

## II.   **Standard of Review**

The Federal Rules of Civil Procedure state that a party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

If the opposing party fails to produce requested discovery documents, a party may file a motion to compel. Fed. R. Civ. P. 37(a)(1). When filing a motion to compel, the moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* Additionally, pursuant to the Local Rules of this Court, the parties must first exhaust "extrajudicial means for resolving their differences" before filing a motion related to discovery. S.D. Ohio Civ. R. 37.1. *See Inhalation Plastics, Inc. v. Medex Cardio-Pulmonary, Inc.*, No. 2:07-CV-116, 2010 U.S. Dist. LEXIS 35585, at *2 (S.D. Ohio Apr. 12, 2010) (McCann King, M.J.) ("The obligation of counsel to meet and confer to resolve differences as to discovery

2

disputes is a requirement of the Federal Rules of Civil Procedure as well as of the Local Rules of this Court.").

Additionally, "[t]he proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters.*, 270 F.R.D. 298, 302 (S.D. Ohio Oct. 7, 2010) (McCann King, M.J.) (citation omitted). "While a plaintiff should 'not be denied access to information necessary to establish her claim,' a plaintiff may not be 'permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Johnson v. Gallia Cty. Comm'rs*, No. 2:20-CV-65, 2021 U.S. Dist. LEXIS 34173, at *4 (S.D. Ohio Feb. 24, 2021) (Preston Deavers, M.J.) (quoting *In re Ohio Execution Protocol Litigation*, 845 F.3d 231, 236 (6th Cir. 2016)). If the moving party demonstrates that the requested material is relevant, "the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." *CSX Transp., Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-cv-557, 2019 WL 1760069, at *4 (S.D. Ohio Apr. 22, 2019). In the Sixth Circuit, district courts have generally found that the non-movant must demonstrate with specificity that a discovery request is unduly burdensome or that the discovery sought is not discoverable under the Federal Rules. *See e.g., Kafele v. Javitch, Block, Eisen & Rathbone*, No. 2:03-cv-638, 2005 WL 5095186, at *2 (S.D. Ohio Apr. 20, 2005) (As a general rule, "[a]ll grounds for an objection ... shall be stated with specificity.... The mere statement by a party that an interrogatory or request for production is overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection."); *Kline v. Mortgage Elec. Sec. Sys.,* No. 3:08-cv-408, 2014 WL 4928984, at *13 (S.D. Ohio Oct. 1, 2014), *on reconsideration in part*, 2014 WL 5460575 (S.D. Ohio Oct. 27, 2014) ("A responding party 'must show' specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence

revealing the nature of the burden.'") (citing *In re Heparin Prods. Liab. Litig.*, 273 F.R.D. 399, 411 (N.D. Ohio 2011)) ("where a party claims burdensomeness, it must explain why that is so" and offer alternatives if possible "that could enable some degree of production") (quoting *Kafele*, 2005 WL 5095186, *2 n. 8).

III.  **Discussion**

Under the Local Rules of this Court, GDPM Defendants must exhaust all extrajudicial means for resolving discovery deficiencies prior to asking this Court to intervene.  S.D. Ohio Civ. R. 37.1.  GDPM Defendants must also include a certification affirming their efforts to confer with Plaintiff in good faith pursuant to the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 37(a)(1).

GDPM Defendants sufficiently complied with the Local Rules of this Court and the Federal Rules of Civil Procedure.  *See Moss v. Fairborn City Schs.*, No. 3:08-cv-00393, 2010 WL 11538379, at *4-5 (S.D. Ohio Mar. 5, 2010) (Ovington, M.J.).  GDPM Defendants explained their efforts to confer with Plaintiff prior to filing their Motion to Compel Discovery in their Memorandum In Support (Doc. #17, *PageID* #64) and submitted the notice letter to the Court (Doc. #17-3).  *See Moss v. Fairborn City Schs.*, No. 3:08-cv-00393, 2010 WL 11538379, at *5 (S.D. Ohio Mar. 5, 2010) (Ovington, M.J.) (determining that a memorandum in support of a motion to compel setting out details of extrajudicial attempts to resolve issues sufficed and "fulfill[s] the intent behind the requirements of Southern District of Ohio Civil Rule 37.1 ….").  The notice letter was sent on September 10, 2024, one day after Plaintiff's responses to the Interrogatories and Requests for Production of Documents were due, and warned Plaintiff that failure to respond would result in GDPM Defendants filing a motion to compel.  (Doc. #17-3).  GDPM Defendants then filed their Motion to Compel Discovery on October 8, 2024.  (Doc. #17); *see O'Malley v. NaphCare Inc.*, 311 F.R.D. 461, 464 (S.D. Ohio 2015) (Newman, D.J.) ("This 'meet and confer'

4

requirement, satisfied in this instance, requires counsel to communicate in good faith with each other -- via telephone, letter correspondence, or email -- to attempt to resolve any discovery disputes prior to the filing of a motion to compel."); *J'Ttonali One Eye El-Bey v. Wallace*, No. 1:21-cv-389, 2024 U.S. Dist. LEXIS, at *5 (S.D. Ohio Jan. 11, 2024) (Litkovitz, M.J.); *Rembert v. A Plus Home Health Care Agency LLC*, No. 2:17-cv-00287, 2019 U.S. Dist. LEXIS 65605, at *13 (S.D. Ohio Apr., 17, 2019) (Deavers, M.J.) (finding good-faith effort requirement met when plaintiff "sent a deficiency letter via email inquiring as to the status of the requested information and indicated that if [d]efendants did not provide the responses [plaintiff] would file a motion to compel" eight days after the defendant's response was due).

GDPM Defendants conferred in good faith and exhausted extrajudicial remedies prior to filing their Motion to Compel Discovery.  As a result, GDPM Defendant's Motion to Compel Discovery satisfies the procedural requirements of this Court.

As noted above, GDPM Defendants request an order "compelling Plaintiff to provide complete responses to the Interrogatories and Request for Production of Document."  (Doc. #17, *PageID* #65).  GDPM Defendants assert that their "discovery requests [were] for information and documents that are relevant to the issues and claims in this lawsuit …."  *Id.*

Plaintiff did not file a memorandum in opposition or otherwise respond to GDPM Defendants' Motion to Compel Discovery.  Accordingly, the Court construes GDPM Defendants' Motion to Compel Discovery as unopposed.  S.D. Ohio Civ. R. 7.2(a)(2) ("Failure to file a memorandum in opposition may result in the granting of any motion that would not result directly in entry of final judgment or an award of attorneys' fees.").  *See, e.g., Kendle*, 2016 U.S. Dist. LEXIS 30266, at *4 (McCann King, M.J.) ("Ordinarily, an unopposed motion to compel would be granted.").

Furthermore, the Court has reviewed the requests with which GDPM Defendants seek to compel compliance, and they are not patently improper. *Shenker v. Sportelli*, 83 F.R.D. 365, 367 (E.D. Penn. 1979) (finding that a court has the power to compel complete compliance with a discovery request when the nonmoving party fails to comply with discovery and does not oppose the motion to compel, but a court may deny the motion to compel "[i]n instances in which some of the discovery appears to have absolutely no relevance to the subject matter of the suit or is otherwise patently improper."); *Cooey v. Strickland*, 269 F.R.D. 643, 648 (S.D. Ohio 2010) (Frost, D.J.) (finding that it is within the court's discretion to review for relevancy when the nonmoving party fails to make timely objections to a motion to compel).

Accordingly, GDPM Defendants' Motion to Compel Discovery (Doc. #17) is hereby **GRANTED**. Plaintiff is **ORDERED** to respond to all of the GDPM Defendants' discovery requests identified in the Motion to Compel Discovery on or before **May 30, 2025**.

Plaintiff is **ADVISED** that his failure to comply with this Order may result in the imposition of sanctions, including but not limited to the dismissal of this action in whole or in part. *See* Fed. R. Civ. P. 37(b)(2).

## IT IS THEREFORE ORDERED THAT:

1. GDPM Defendants' Motion to Compel Discovery (Doc. #17) is **GRANTED**; and

2. Plaintiff shall respond to GDPM Defendants' discovery requests on or before **May 30, 2025**.

April 25, 2025                              *s/Peter B. Silvain, Jr.*
                                           Peter B. Silvain, Jr.
                                           United States Magistrate Judge

6