UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JUSTIN THOMAS FANTY,

    Plaintiff,

vs.

GREATER DAYTON PREMIER
MANAGEMENT, *et al.*,

    Defendants.

Case No. 3:23-cv-298

District Judge Michael J. Newman
Magistrate Judge Peter B. Silvain, Jr.

---

**ORDER: (1) DISMISSING THIS CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE; (2) GRANTING ON THE MERITS DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (Doc. No. 21); (3) TERMINATING AS MOOT DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S MARCH 17, 2025 LETTER (Doc. No. 20); AND (4) TERMINATING THIS CASE ON THE DOCKET**

---

Plaintiff Justin Thomas Fanty brings this civil case *pro se*[1] under the Fair Housing Act alleging Defendants Greater Dayton Premier Management ("GDPM"), Carlos Turner, and Rhonda Lee violated his civil rights during his tenancy at 2909 Wexford Place, Dayton, Ohio 45417. Doc. No. 4. GDPM owns this residential property. *Id*. This case is before the Court on Defendants' motion to strike Plaintiff's March 17, 2025 letter (Doc. No. 20) and Defendants' motion for judgment on the pleadings (Doc. No. 21). Plaintiff did not file a memorandum in opposition to either motion, and the time for doing so has passed. S.D. Ohio Civ. R. 7.2(a)(2). Thus, the motions are ripe for review.

---

[1] As with all *pro se* litigants, Plaintiff's documents and allegations are liberally construed in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*).

**I.**

Plaintiff filed his complaint *pro se* on April 25, 2024.  Doc. No. 4.  Defendants moved for judgment on the pleadings on April 10, 2025.  The Court informed Plaintiff about Defendants' motion for judgment on the pleadings and notified him the deadline for his response was May 5, 2025. Doc. No. 22.  The Court warned, "[i]f you fail to file a timely response, Defendants' Motion . . . may be granted and your case dismissed."  *Id.* at PageID 130.

Plaintiff did not file a memorandum in opposition to Defendants' motions.  Instead, on June 4, 2025, the Court received a letter from Plaintiff stating:

> Due to mail issues, I have not received any notification prior to today's [d]ate.  I just read that the defendants have moved to [d]ismiss the case, and I urge you not to do so until it can be fully adjudicated.
>
> I am now living back in the Dayton [a]rea and can respond more nimbly.  Please allow this to move forward.

Doc. No. 24.  Liberally construing Plaintiff's letter in his favor, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also United States v. Hawkins*, 793 F. App'x 416, 417 n.1 (6th Cir. 2020), the Court granted Plaintiff additional time—until September 5, 2025—to file a response to Defendant's motion for judgment on the pleadings.  Doc. No. 25.  The Court again notified Plaintiff that if he did not file a timely response to Defendants' motion for judgment on the pleadings, the motion may be granted and his case dismissed.  *Id*.  Plaintiff has not responded and has taken no action in this case since June 4, 2025.  *See* Doc. No. 24.

**II.**

"The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed . . . by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630–31 (1962) (italics added); *see also Carpenter v. City of Flint*, 723 F.3d

2

700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss *sua sponte* a lawsuit for failure to prosecute" (citations omitted) (italics added)).

Plaintiff's failure to respond to the Court's Order (Doc. No. 25) and to Defendants' motion for judgment on the pleadings (Doc. No. 21) warrants dismissal of this case for failure to prosecute. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704. Although Plaintiff was given a total of forty (40) days to respond to Defendants' motion, it has been over eight months, and he has not responded. One significant consequence is that the record contains no explanation by Plaintiff why he did not respond to Defendants' motion for judgment on the pleadings. The record is also void of any opposition by Plaintiff to Defendants' motion. In light of these circumstances, dismissal of this case is warranted due to his failure to prosecute. *See Link*, 370 U.S. at 630–31; *see also Carpenter*, 723 F.3d at 704; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming case dismissal where *pro se* plaintiff failed to comply with "readily comprehended court deadlines of which he was well-aware").

In the alternative, having reviewed the record carefully, and recognizing that Defendants' motion for judgment on the pleadings is unopposed, the Court agrees with Defendants that dismissal is merited because Plaintiff's *pro se* claims are time-barred and fail to state a claim upon which relief can be granted. *See* Doc. No. 21 at PageID 124-127; *see also Fair Hous. Council, Inc. v. Vill. of Olde St. Andrews, Inc.*, 210 F. App'x 469, 479-480 (6th Cir. 2006); *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003); *Habtemariam v. Adrian*, 182 F.3d 917, 917 (6th Cir. 1999); *Mauldin v. Klink*, No. 13-14224, 2014 WL 1515702, at *4-5 (E.D. Mich. Apr. 18, 2014).

### III.

Accordingly, the Court **DISMISSES THIS CASE WITH PREJUDICE** for failure to

prosecute.  The Court also **GRANTS** on the merits Defendants' motion for judgment on the pleadings (Doc. No. 21) and **TERMINATES AS MOOT** Defendants' motion to strike Plaintiff's March 17, 2025 letter (Doc. No. 20).  Finally, the Court **TERMINATES** this case on the docket.

    **IT IS SO ORDERED.**

  January 16, 2026                                          s/Michael J. Newman
                                                                 Hon. Michael J. Newman
                                                                 United States District Judge